## MILES B. MILLER *vs.* HUGH FINLEY, JR., AND HUGH FINLEY, SR.

Whenever it appears that the consideration of a paper between the original parties has been procured by fraud, proof of such fraud throws upon the holder the burden of proving that he got it in good faith, and gave value for it.

A *bona fide* holder of negotiable paper is one who acquires the paper in good faith, for a valuable consideration, from one capable of transferring the paper, without notice of the consideration or of attending facts and circumstances which would naturally lead an honest man, using ordinary caution to make further inquiries.

The rule is that an innocent purchaser of commercial paper takes it stripped of all equities between the original parties to it, but where the instrument is not the contract of the parties, where it is different from what they made it or intended to make it, it cannot be enforced in the hands of any one, unless indeed, the instrument in its changed form has been ratified by the parties so as to make it their contract.

Adding the name of another drawer or maker to a bill or note, is a material alteration, such as will discharge the original party not consenting thereto.

Where it was claimed that the payee named in a promissory note procured the signature of the maker while such maker was intoxicated, the intoxication being brought about by the payee named in the note, *Held*, That if the maker was so intoxicated as to be unconscious when he signed the note, such note would be void, even in the hands of a *bona fide* holder.

*Kalamazoo Circuit, October,* 1871.

*May & Buck*, Attorneys for Plaintiff.

*J. W. Breese*, Defendant's Attorney; *H. F. Severens*, of Counsel.

*Charge of the Court*, BROWN, J:—The plaintiff seeks to recover of the defendants upon a certain promissory note, in the words and figures following:

" $500. Schoolcraft, August 26, 1868.

Twelve months after date, I promise to pay to the order of Frank A. Hutton, five hundred dollars, value received, with interest at ten per cent. HUGH FINLEY, JR.
HUGH FINLEY, SR."

The payee in this note endorsed the same to the plaintiff, who claims that he purchased the same in good faith and for a valuable consideration, before the same became due. The plaintiff then endorsed the note to Wm. B. Clark, who, he testifies, was to hold the same as collateral security for monies advanced by Clark to the plaintiff.

If the note was left with Wm. B. Clark only as security, and returned to the plaintiff before suit was brought, then the suit is properly brought by the plaintiff.

As a defence to this note, the defendants claim that the note, as to the younger Finley is void, because, it is alleged, after the note was made and delivered, the payee, without the consent of the maker, procured the signature of Hugh Finley, Sr., to the note.— Counsel for the defendants claim that if you find such to be the fact —if you find that after the note was fully executed and delivered, the payee procured the additional signature of Hugh Finley, Sr., without the consent of the maker of the note, then the change thus effected changes the note and makes it a different undertaking from the one to which he was a party.

Counsel for the defendants insist that the plaintiff should not recover against the elder Finley, because, they allege, that when he signed the note he was so intoxicated as to be unable, in point of fact to give his assent. They claim that he was so drunk that when his hand made the letters in proper order composing the name Hugh Finley, it was not guided by any intelligent will, and that therefore he should be discharged. It is admitted that the fact that the son's name is on the note does not invalidate it as to the father, and the liability of the father must be determined on other grounds.

On the part of the plaintiff it is insisted that if you should find the facts as claimed by the defendant, still he is entitled to recover. The plaintiff insists that he purchased the paper before maturity, in good faith for a valuable consideration.

The rule of law, briefly stated, is, that where a party is the "bona fide holder of a negotiable instrument for a valuable consideration, without notice of facts which impeach its validity between the antecedent parties, if he takes it under an indorsement made before the same becomes due, he holds the title unaffected by these facts, and may recover thereon, although as between the antecedent parties the transaction may be without any validity."

Whenever it appears that the consideration of a paper between the original parties has been procured by fraud, proof of such fraud throws upon the holder the burden of proving that he got it in good faith, and gave value for it.

This is upon the theory that "if the note be proved to have

been obtained by fraud, or affected by illegality, that affords a pre sumption that the person who has been guilty of the fraud would dispose of it and place it in the hands of another person to sue upon it," and hence the policy of the law requires the holder in such case to show that he holds the paper in good faith and for a valuable consideration.

When a note has been obtained and put in circulation fraudulently, the holder in order to show himself free from defendant's equities must prove that he became such holder in good faith for a fair and valuable consideration, in the usual course of business, without notice of any infirmity in the title thereof.

A *bona fide* holder of negotiable paper is one who acquires the paper in good faith, for a valuable consideration, from one capable of transferring the paper, without notice of the consideration or of attending facts and circumstances which would naturally lead an honest man, using ordinary caution, to make further inquiries.

Where however, a note is absolutely void, the transfer of it to an innocent party cannot make it valid.

If you find that the deed for which the note was given was worthless, this fact is no defence in this action, if the plaintiff bought the note before maturity, for a valuable consideration, in the usual course of trade and without notice or knowledge of a want of consideration between the parties to the note.

If you should find that the note in question was obtained of the defendants by fraud and imposition, this fact furnishes no defence in this action, if the plaintiff bought the note before maturity, for a valuable consideration, in the usual course of trade, and without knowledge or notice that the note was obtained fraudulently and by imposition, or of such facts as would naturally put an honest man on inquiry.

I also advise you whether the patent of which the right was sold to Finley, was or was not of a new or useful invention, is wholly immaterial in this case, and you have no right to consider that question in making up your verdict, if you find the plaintiff was a *bona fide* purchaser. The rule is that an innocent purchaser of commercial paper takes it stripped of all equities between the original parties to it, but where the instrument is not the contract of the parties, where it is different from what they made it or intended to

make it, it cannot be enforced in the hands of any one, unless indeed, the instrument in its changed form has been ratified by the parties so as to make it their contract.

Adding the name of another drawer or maker to a bill or note, is a material alteration, such as will discharge the original party not consenting thereto.

If you believe from the evidence that after the note was made perfect, according to the intention of the parties, as the several note of the defendant, Hugh Finley, Jr, and after it had been completely issued and negotiated, the payee without the consent of Hugh Finley, Jr., caused it to be signed by Hugh Finley, Sr., as a joint and several maker along with such original maker, such original maker should be discharged from all liability thereon.

Upon this point I advise you as requested in plaintiff's 2d request, that the note is not void as to Hugh Finley, Jr., if he in any way assented to its being signed by Hugh Finley, Sr., either before or after it was so signed by Hugh Finley, Sr.

It is claimed as I have said, by the defendants, that the elder Finley was intoxicated when he signed his name. If you find from the evidence that the signature of Hugh Finley, Sr.,was made while he was so intoxicated that he was unconscious of what he was about, and such intoxication was procured and brought about by the payee in the note, or any one acting in complicity with him, then you are instructed that such signature would not bind the said Hugh Finley, Sr., and he would not be liable on such note.

If Hugh Finley, Sr., at the time of signing his name to the note was sufficiently conscious to know that he was signing a promise or agreement of any kind, then the fact that he was under the influence of intoxicating liquors furnishes no defence to this action, though he would not have given the note if he had been sober.

In determining the question whether Hugh Finley, Sr., was in possession of his faculties to such an extent as to be able to make a valid contract, you are at liberty to inspect the note in controversy and the signature of Hugh Finley, Sr., thereto.

When you retire to your room you will enquire :

1. Whether the note was changed by the addition of the name of Hugh Finley, Sr., after it was executed and delivered by the maker to the payee, without the consent of the maker. If you so find,

then Hugh Finley, Jr., was thereby discharged from liability on the note unless you find that he subsequently acquiesced in the change.

2. To discharge Hugh Finley, Sr., from liability on the note, if you find the plaintiff purchased the same in good faith, for a valuable consideration, you must find that he was so far intoxicated as to be unconscious of what he was doing. A man will not be permitted to come into Court and defend against his own undertakings, merely because he was drunk or exhilerated under the influence of liquor. Such a precedent would be dangerous, and no man would be safe in purchasing commercial paper. The fact that a man gets drunk and makes a foolish bargain is no reason why he should repudiate his contract to the prejudice of persons acting in good faith.— It is contended that the signature of the defendant indicates that he had knowledge of what he was doing, but this is a question of fact for you and not for the Court to pass upon. If he signed the note, was he conscious ? Say upon your oaths what are your honest convictions in the premises and act accordingly.